LDECUIR, Judge.
The State of Louisiana through the Department of Agriculture and Forestry (DOAF) and John O’Neal appeal the trial court’s grant of a motion for judgment notwithstanding the verdict and award of $365,000.00 to plaintiffs, Claude and Ruth Howard. In addition, the plaintiffs appeal the trial court’s award as insufficient.
FACTS
On February 5, 1995, John O’Neal, an employee of DOAF, stopped at the Verda Quick Stop on Hwy 471 to get some chewing tobacco. O’Neal was driving a large truck loaded with a bulldozer. As he backed out of his parking place, Claude Howard veered off the highway and approached the store’s gas pumps. The two vehicles collided. The Grant Parish Sheriffs Department was called and a report was filed indicating that there were no injuries. Subsequently, Mr. Howard began experiencing pain and visited several physicians.
Ultimately, the Howards filed suit against DOAF and O’Neal seeking compensation for injuries sustained as a result of the accident. After a trial, the jury concluded that each party was 50% at fault in causing the accident. However, they awarded no damages to the Howards. The Howards filed a motion for JNOV which was granted by the trial court. After granting the motion, the trial court awarded damages of $365,000.00 to the Howards. DOAF, and O’Neal lodged this appeal and the Howards answered seeking to increase the trial court’s award.
JUDGMENT NOTWITHSTANDING THE VERDICT
The article controlling the use of a JNOV is La.Code Civ.P. art. 1811. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely where there is a preponderance of the evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and [gfairminded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied. In making its determination, the court should not evaluate the credibility of witnesses, and all reasonable inferences should be resolved in favor of the nonmov- *515 ing party. Anderson v. New Orleans Pub. Serv., 583 So.2d 829 (La.1991).
In reviewing a JNOV, the appellate court must first determine if the trial court erred in granting it. This is done by using the criteria listed above just as the trial judge does in deciding whether to grant the motion. Batiste v. New Hampshire Ins. Co., 94-1467 (La.App. 3 Cir. 5/3/95), 657 So.2d 168, writ denied, 95-1413 (La.9/22/95), 660 So.2d 472.
Our review of the record reveals that the trial court reacted almost immediately to the jury’s verdict. Apparently, he found it inconsistent for the jury to apportion fault but to fail to award damages. However, fault and damages are separate issues. As this court found in Romero v. Little Britches Day Care Ctr., Inc., 99-1643 (La.App. 3 Cir. 6/7/00), 768 So.2d 91, it is not necessarily unreasonable for a jury to find that an incident occurred and yet not award damages.
Applying the standards enunciated above, we find the trial court should not have granted the motion for JNOV. The trial judge improperly made a credibility evaluation in concluding that the medical testimony regarding causation was unre-butted. While it is true that the defense did not put on physicians to testify that Howard’s injuries were not caused by the accident, the record reveals that the defense did elicit statements from each of Mr. Howard’s physicians that they could not objectively link the injury to the accident. Instead the doctors testified that their conclusions were based on subjective information provided by Mr. Howard. Likewise the doctors’ attribution of the current problems to this accident rather than hMr. Howard’s three previous back surgeries were based on subjective statements from Mr. Howard.
In addition, the defense attempted to show that the impact from the accident was minor. The resulting testimony regarding the damage to Mr. Howard’s truck and difficulties the defense had in getting cooperation from the plaintiff in locating the truck or photographs of the truck might have influenced the jury. Finally, testimony was elicited from both the How-ards regarding claims and allegations of similar injuries made in a previous lawsuit. While the facts regarding that accident were not presented to the jury, the jury was aware of the accident and could well have noted that the plaintiffs doctors failed to mention it. Accordingly, with the doctors’ opinions on causation based on the plaintiffs statements, his credibility was a prime consideration for the jury. In determining whether to grant a motion for JNOV neither the trial court nor this court is permitted to weigh credibility. That is the province of the jury. The trial court improperly granted the motion for judgment notwithstanding the verdict.
Our disposition of this issue being dis-positive, we will not address the plaintiffs request for additional damages.
CONCLUSION
For the foregoing reasons, the judgment of the trial court granting the motion for judgment notwithstanding the verdict and awarding damages is reversed. The trial court’s previous judgment based on the jury findings is reinstated. Ail costs of these proceedings are taxed to Claude and Ruth Howard.
REVERSED.